CATHERINE FITZGERALD *vs.* COMMISSIONER OF PUBLIC WELFARE. March 12, 1982. Mrs. Fitzgerald, on August 6, 1979, applied to the Spencer office of the Department of Public Welfare (the department) for AFDC benefits, alleging (and making an affidavit to that effect) that her husband had abandoned his family on August 1, that his whereabouts were unknown, and that he was not expected to return within thirty days. A worker at the welfare office told Mrs. Fitzgerald, when she made her application, that verification of her husband's absence would be required. He orally made some not very helpful or relevant suggestions of methods of verification. Mrs. Fitzgerald made no effort at verification and none was ever furnished so far as appears from this record.

A letter dated August 24, 1979, informed Mrs. Fitzgerald that her application was denied. It stated that the department needed "verification that . . . [her] husband . . . is living outside the household" and referred to 106 Code Mass. Regs. 303.032. On September 18, 1979, she requested a "fair hearing." This was given on October 15, 1979. At issue was solely the question whether she was entitled to AFDC benefits from August 6 to September 18, 1979, when she and her husband applied for, and were granted, welfare for the whole family based on the husband's unemployment. Her appeal was denied by an appeals referee. On May 5, 1980, a Superior Court judge affirmed the decision of the referee. Mrs. Fitzgerald appealed.

The trial judge ruled that the denial of AFDC assistance was justified by Mrs. Fitzgerald's failure (see 106 Code Mass. Regs. 302.140, placing the burden on the applicant) to provide verification of her husband's absence from the household. See 106 Code Mass. Regs. 303.032. Obviously, because she did not know where he was, that verification would have required an affidavit, perhaps of some neighbor, if available, that he had not been seen during a specified period.

The department was then under the directions contained in par. 2(b) of a consent judgment in *Fortin v. Minter*, No. 74-5065-F, slip op. at 3 (D. Mass. Mar. 3, 1975), enjoining the department to deliver a first AFDC check to a qualified recipient within thirty days of a request for assistance

and further requiring that "[w]ritten notice of denial to those found ineligible for . . . AFDC . . . must be provided within the above . . . time limits." The department, therefore, to ensure compliance with this consent order, was granting applications rapidly enough to complete action on them and issue a check within the thirty-day period. It apparently was *denying* applications where eligibility was not at least tentatively established within about twenty to twenty-five days of the application. Thus, the department could and probably would have granted Mrs. Fitzgerald's application on August 24, 1979, if some verification of the husband's absence up until then had been furnished and the absence appeared likely to continue at least until August 31. The department, however, in this case where it was *denying* the application, did not act in strict accordance with par. 303.031 of its own regulations which then provided that if "there is no clear indication that an absence of less than 30 days will last that long, the decision on eligibility must wait until the absence has lasted 30 days." This regulation could have been followed by the department if it had not been bound by the provision, perhaps improvidently agreed to, of the *Fortin* consent judgment already quoted, requiring definite action within the thirty-day period. The Federal court consent judgment obviously controls in a matter largely funded by the United States. See *Bourgeois* v. *Stevens*, 532 F.2d 799, 802 (1st Cir. 1976). Thus the action of the department probably was justified and on the record before us we cannot say it was erroneous. It certainly, however, was inflexible for, if the department had found, after the expiration of thirty days from the husband's disappearance, that he was still absent, it could then have awarded AFDC benefits retroactively if other eligibility requirements then had been met. We see no reason for penalizing Mrs. Fitzgerald for her failure of verification merely because the department was coerced into premature action by the *Fortin* consent judgment. The application could have been denied (but not dismissed) subject to reconsideration at the end of the thirty-day period. Obviously, the department's regulation (106 Code Mass. Regs. 303.031) did not accurately reflect the department's actual practice after the 1975 *Fortin* consent judgment. Either the practice or the regulation should be revised promptly to make them wholly consistent and informative. Mrs. Fitzgerald took action which was in conformity with the then existing regulation (even though she probably did not know of the regulation).

The judgment is vacated. The Superior Court shall remand the case to the department with directions to determine (with appropriate verification) the length of the 1979 absence of the husband. If he was absent then for more than thirty days and if other elements of eligibility then existed, Mrs. Fitzgerald shall be awarded AFDC benefits for the period of his verified absence. If he was not absent for as much as thirty days (or if other elements of eligibility were absent), the decision of the department shall be reinstated and shall be affirmed.

*So ordered.*

*Joel Pentlarge* for the plaintiff.

*Judith S. Yogman*, Assistant Attorney General, for the defendant.